IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHELLE WILTSE<br>701 Longview Road<br>Apartment K<br>Knoxville, TN 37919<br><br>       Plaintiff<br><br>v.<br><br>CEDAR FAIR, L.P. a Delaware Limited Partnership, CEDAR FAIR MANAGEMENT, INC., an Ohio Corporation, and CEDAR FAIR ENTERTAINMENT COMPANY, an Ohio publicly traded partnership<br><br>       Defendants | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT**<br><br>Michael A. Bruno (0033780)<br>Charles E. Boyk (0000494)<br>Kathleen R. Harris (0093135)<br>*Charles E. Boyk Law Offices, LLC*<br>1500 Timberwolf Drive<br>Holland, Ohio 43528<br>Telephone: (419) 241-1395<br>Facsimile: (419) 241-8731<br>*mbruno@charlesboyk-law.com*<br><br>*Attorneys for Plaintiff* |

Plaintiff Michelle Wiltse brings this Complaint and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for personal injuries and economic damages suffered by Plaintiff as a direct and proximate result of the Defendants' negligence in connection with the operation, inspection, and/or maintenance of an amusement park thrill ride known as the "VALRAVN".

### PARTIES, JURISDICTION, AND VENUE

2.      Michelle Wiltse is a citizen of the state of Tennessee and resides in Knoxville.

1

3. Defendant Cedar Fair, L.P. is a Delaware limited partnership with a principal place of business located at One Cedar Point Drive, Sandusky, Ohio.

4. Cedar Fair Management, Inc., is an Ohio corporation with a principal place of business located at One Cedar Point Drive, Sandusky, Ohio.

5. Cedar Fair Entertainment Company is a publicly traded partnership with a principal place of business in Sandusky, Ohio.

6. Cedar Fair, L.P. and Cedar Fair Management, Inc., and Cedar Fair Entertainment Company are herein collectively referred to as "Cedar Fair".

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because this case is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

8. Venue is properly set in this District pursuant to 28 U.S.C. §1391(b) since a substantial part of the events giving rise to Plaintiff's claims occurred in Sandusky, Ohio, which is within this District.

9. This Court has personal jurisdiction over Defendants Cedar Fair, L.P., Cedar Management, Inc., and Cedar Fair Entertainment Company, pursuant to and consistent with the Constitutional requirements of Due Process in that Defendants are present in the State of Ohio and maintain registered agents in the State of Ohio, such that requiring an appearance does not offend traditional notions of fair play and substantial justice.

## FACTUAL ALLEGATIONS

10. Cedar Fair, L.P. ("Cedar Fair") and Cedar Fair Entertainment Company are among the largest amusement park owners and operators in the world, owning and operating at least eleven family-oriented amusement parks which collectively attract more than 20 million visitors

annually and employees in excess of 30,000 seasonal and part-time employees, many of whom are high school and college students.

11. Cedar Point maintains that safety of its guests and employees is one of its top priorities.

12. Cedar Fair is managed by Cedar Fair Management, Inc. which is also the general partner of Cedar Fair.

13. Cedar Fair's flagship park, Cedar Point, is located in Sandusky, Ohio and is one of the largest seasonal amusement parks in the United States, based on the number of rides and attractions if offers.

14. Cedar Point's season generally operates during a portion of May, then daily from Memorial Day through Labor Day, and during weekends in September and, in most cases, October.

15. Most of Cedar Fair's revenue from Cedar Point during this 100–140-day operating season is generated from park admission sales.

16. Accordingly, when rides experience "down-time" for repair or maintenance it adversely affects Cedar Fair's attendance and ability to realize revenue.

17. Ride down-time can also negatively affect amusement park patron's "perceived quality" of Cedar Fair's rides and adversely affect attendance at its parks.

18. Cedar Fair operates with the position that annual park attendance and revenue is significantly influenced by its investment in "new attractions" from year to year.

19. Cedar Fair also operates with the position that maintenance costs on existing rides and attractions are one of its largest expenses and can negatively impact its revenue.

20. On June 26, 2019, Michelle Wiltse visited Cedar Point and rode the "Valravn".

21. Cedar Fair represents the Valravn as the "tallest, fastest, longest dive coaster in the United States.

22. The Valravn, was placed in service in 2016, and is a steel roller coaster that can reach top speeds of 75 mph.

23. Riders of The Valravn sit in trains consisting of three (3) cars, each of which has a single row holding eight (8) passengers, for a total of twenty-four (24) riders per train.

24. On June 26, 2019, at approximately 4:00 p.m., Plaintiff intended to board on The Valravn train but was informed the ride was down due to a computer issue. After being assured the ride problem was fixed, Plaintiff got seated on a train. At this point, Plaintiff was escorted off the ride, Plaintiff observed the operation of riderless test runs.

25. The operators asked Plaintiff to board the train again and Plaintiff was placed seated in the middle of the front row. The train started and completed its ride cycle, coming to a stop. While Plaintiff prepared to exit the ride, loosening the safety harness, another train crashed into Plaintiff's train from behind, causing Plaintiff to sustain injuries to her head (brain) and low back.

**COUNT I**
**NEGLIGENCE**
**Cedar Fair, L.P, & Cedar Fair Management, Inc., d/b/a Cedar Point, and Cedar Fair Entertainment Company**

26. Plaintiff incorporates and realleges the foregoing paragraphs of this Complaint as if fully set forth herein.

27. At all times relevant hereto, Plaintiff was an expected and foreseeable patron of Defendants' amusement park and Valravn owned, operated, and maintained by Cedar Fair defendants.

28. Plaintiff sustained permanent and/or serious injuries and associated damages and losses as a result of Defendants' negligence, by and through Defendants' agents, servants, employees, contractors, and/or other representatives acting within the course and scope of their employment, agency, or service, generally, and in one or more of the following respects:

a. Negligently allowing the Valravn to exist in a dangerous condition so as to cause injury to Plaintiff;

b. Negligently failing to inspect and properly maintain the Valravn in such a manner to identify and remedy defects and dangerous conditions and to prevent injury to patrons, including Plaintiff;

c. Negligently failing to recognize, through inspection and maintenance, the defects which cause the Valravn to pose a risk to patrons, including Plaintiff, of which the Defendants were aware or should have been aware, and failing to timely remedy same;

d. Negligently failing to warn patrons of the Valravn's dangerous condition and risks of harm;

e. Negligently hiring, training, monitoring, and/or supervising Valravn operators and attendants;

f. Negligently hiring, training, monitoring, and/or supervising personnel performing inspection, maintenance, and/or repair on The Valravn;

g. Negligence by virtue of the doctrine of *respondeat superior*;

h. Negligence by virtue of the doctrine of *res ispa loquitor*;

i. Negligently failing to comply with all governing regulations, rules, standards, or statutes applicable to the operation of an amusement park ride such as The Valravn; and/or

j. Negligently allowing The Valravn to continue operating after being on notice of a safety issue when ordinary care would have required the complete shutdown of the ride until a complete safety inspection was completed.

29. As a direct and proximate result of Defendants' negligence, Plaintiff was injured and damaged.

30. Plaintiff's damages directly and proximately resulting from Defendants' negligence include, but are not limited to:

(i) Plaintiff Michelle Wiltse: pain and suffering, past and future; incurred medical expenses, past and future; income loss, past and future; economic loss during Plaintiff's undergraduate years. Plaintiff's total damages exceed $75,000.00.

**WHEREFORE**, Plaintiff demands judgment in her respective favor and against Defendants, jointly and severally, in amounts to be established by the evidence at the trial of this cause and permitted by law, together with prejudgment interest, and all other relief just and proper in this matter.

Respectfully submitted,

/s/   Michael A. Bruno
Michael A. Bruno (0033780)
Charles E. Boyk (0000494)
*Charles E. Boyk Law Offices, LLC*
1500 Timberwolf Drive
Holland, Ohio 43528
Telephone: (419) 241-1395
Facsimile: (419) 241-8731
mbruno@charlesboyk-law.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

/s/   Michael A. Bruno
Michael A. Bruno (0033780)
Attorney for Plaintiff